Gladys HORN, Plaintiff-Appellee,

v.

BIBB COUNTY COMMISSION, et al.,
Defendants-Appellants.

No. 83–7025
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 29, 1983.

W. Clark Goodwin, Ritchie & Rediker, Birmingham, Ala., Michael L. Murphy, Centreville, Ala., for defendants-appellants.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

Plaintiff Gladys Horn worked as Assistant to the Clerk of the Bibb County Commission from 1971 until her termination in 1979. Her primary responsibilities were for bookkeeping, for payrolls, and for certain invoice preparations. By state law the probate judge, who serves as Chairman of the County Commission, had the power and right to discharge Mrs. Horn for any cause other than one prohibited by federal law. Discrimination against persons between the ages of forty and seventy because of their age is prohibited by the Age Discrimination in Employment Act, 29 U.S.C.A. §§ 621, et seq. (ADEA).

In May 1978 Probate Judge Desmond indicated some dissatisfaction with Mrs. Horn's job performance, but she was neither discharged nor disciplined, and it appears that she was given no clear explanation for the dissatisfaction. In February 1979, when she was 54 years old, Mrs. Horn was laid off along with several other Bibb County employees. She was informed by letter that the reason for her layoff was the County's financial difficulties. She remained laid off until the latter part of May, at which time she received another letter indicating that she was being terminated. Three reasons were given for her termination: difficulty in working with the public; difficulty in dealing with co-workers; and a failure to give respect to the Office of the Chairman of the Bibb County Commission. Her request for a hearing before the county Personnel Board was rejected because her position had been removed from the coverage of the county personnel policies on the same day she received notice of her layoff in February.

When Mrs. Horn was laid off a second female employee, who was in her late twenties, was retained in the same office. Several days after Mrs. Horn's layoff, 34-year-old Margaret Noah was transferred from another position with the County into the clerk's office where she essentially assumed

the position and duties that Mrs. Horn had occupied and performed.

On February 12, 1981, Mrs. Horn filed a complaint in the United States District Court for the Northern District of Alabama against the Bibb County Commission, its Chairman, George Allen Desmond, and its other individual members, claiming that she was discharged because of her age in violation of the ADEA. After trial, the district judge, sitting without a jury, found that the plaintiff's termination was a willful violation of the ADEA, awarding her $18,114.69 in actual damages and an equal amount in liquidated damages. Attorney's fees were awarded in the amount of $11,805.25. We affirm.

Appellants argue that the district court improperly applied the standards laid down in *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), but we disagree. Under *Burdine,* once a *prima facie* case of discrimination has been established by the plaintiff, the defendant must overcome the presumption of discrimination. The defendant bears the burden of producing sufficient evidence to raise "a genuine issue of fact as to whether it discriminated against the plaintiff." *Burdine,* 450 U.S. at 255 & n. 9, 101 S.Ct. at 1094 & n. 9. The reasons articulated must be "legally sufficient to justify a judgment for the defendant." *Id.* If the defendant fails to produce sufficient evidence to raise a genuine issue of fact, the plaintiff will prevail without any further showing. *Id.* at 254, 101 S.Ct. at 1094; *Lincoln v. Board of Regents of the University System of Georgia,* 697 F.2d 928, 937 (11th Cir.1983). If the defendant rebuts the presumption of discrimination the plaintiff must establish by a preponderance of the evidence that the reasons proffered by the defendant are pretextual. 450 U.S. at 256, 101 S.Ct. at 1095. The plaintiff may prove this either by affirmative evidence that age played an impermissible role in the decision or by showing that the proffered nondiscriminatory reasons do not merit credence. *Id.* In this case there is no question that the plaintiff established a *prima facie*

case of age discrimination. The defendants then advanced three nondiscriminatory reasons to justify the plaintiff's termination. Mrs. Horn then established, to the district court's satisfaction, that the reasons given by the defendants were pretextual—that they were unsupported by any credible evidence and were unworthy of belief. The district court even pointed out that the three justifications given by Probate Judge Desmond for Mrs. Horn's discharge are virtually word-for-word the reasons given by another county probate judge for discharging an employee. *See Peseau v. Civil Service Board of Tuscaloosa County,* 385 So.2d 1310 (Ala.Civ.App.1980).

In accordance with Fed.R.Civ.P. 52(a), this Court may reverse a finding of intentional discrimination only if the district court's finding is clearly erroneous. *Pullman-Standard v. Swint,* 456 U.S. 273, 102 S.Ct. 1781, 1788–91, 72 L.Ed.2d 66 (1982); *Lincoln v. Bd. of Regents, supra,* 697 F.2d at 939–940. Because the district court's finding of intentional discrimination is supported by the record we affirm its decision.

AFFIRMED.